UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| ASHLEY BIERMAN, | ) | CASE NO. 1:21-cv-01993 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| AFFINITY PHYSICIAN NETWORK LLC, | ) | **ORDER** |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |


Now pending is Plaintiff Ashley Bierman's "Motion To Strike Portions of the Affidavit of Brian Zeid and Zeid AWH Exhibits 10-1 through 10-26 Submitted in Support of Defendant's Brief In Opposition to Plaintiff Ashley Bierman's Combined Motion for Summary Judgment and Motion for Judgment on the Pleadings." (R. 44). Generally, Plaintiff takes issue with the affidavit because it allegedly contradicts the affiant's deposition testimony and is ostensibly not based on personal knowledge. *Id*. Plaintiff, however, does not identify a rule of civil procedure that permits striking evidence submitted in support of a motion for summary judgment.

In addition, Defendants Affinity Physician Network LLC, Affinity Whole Health LLC, Core Pharmacy LLC, Jerry Sloan, and Brian Zeid (Defendants) have filed a Motion to Strike Plaintiff Ashley Bierman's declaration submitted in conjunction with Plaintiff's opposition to Defendants' motion for summary judgment. (R. 51).[1] Defendants' motion is made pursuant to

---

[1] The declaration in question is Exhibit 1 to Plaintiff's opposition brief. (R. 49-1).

Fed. R. Civ. P. 56(c)(2) & (e). These rules, however, allow a party to object to inadmissible evidence, and instruct the court on how it may handle an unsupported assertion of fact. The rule does not expressly contemplate the filing of motions to strike affidavits or declarations.

> As an initial matter, Rule 12(f) provides the authority to strike material from the record. *See Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006) (affirming the district court's decision not to strike exhibits attached to a dispositive motion). The Sixth Circuit, in *Fox*, held that Rule 12(f) allows a court to "strike only material that is contained in the pleadings" and "[e]xhibits attached to a dispositive motion are not 'pleadings' within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f)." *Id.* Citing *Fox*, this Court has held that it is inappropriate to strike affidavits in support of motions or responses because they are not "pleadings" within the meaning of Rule 12(f). *Vehicle Prot. Plus, L.L.C. v. Premier Dealer Servs., Inc.*, 650 F. Supp. 2d 800, 807 n.4 (E.D. Tenn. 2009). Nonetheless, this Court may construe Plaintiff's Motion to Strike as an objection to Defendant's affidavit under Rule 56. *See* Fed.R.Civ.P. 56(c)(2) ("[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence"); *see also Gentzler v. Hamilton Cty., Tennessee*, No. 1:15-CV-295, 2017 WL 10403276, at *2 n.2 (E.D. Tenn. Sept. 20, 2017) (denying Defendant's motion to strike affidavits offered in support of Plaintiff's motion and construing Defendant's motion to strike as an objection to such affidavits); *Ayala-Rosales v. Teal*, No. 4:14-CV-48, 2015 WL 13029352, at *1 (E.D. Tenn. Oct. 20, 2015), *aff'd*, 659 F. App'x 316 (6th Cir. 2016) (construing Plaintiff's motion to strike exhibits attached to Defendant's reply in support of summary judgment as an objection to such exhibits).

*Pfeiffer v. MED Invs. Dev., LLC*, 2020 WL 9351325, at *2 (E.D. Tenn. Nov. 20, 2020); *Turner v. City of Akron*, 2008 WL 45376, at *4 (N.D. Ohio Jan. 2, 2008) (Lioi, J), *aff'd*, 324 F. App'x 453 (6th Cir. 2009)  ("An affidavit is not a pleading that is subject to a motion to strike under Rule 12(f)"); *Huber v. Auglaize Cnty. Bd. of Elections*, 2009 WL 367526, at *3 (N.D. Ohio Feb. 11, 2009) (finding that "a motion to strike is not the proper vehicle to strike" an affidavit).[2]

---

[2]  Pursuant to Fe. R. Civ. P. 12(f): "Motion to Strike. The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added).

The Court, however, is well aware of the "sham affidavit rule" that prevents the consideration of affidavits or declarations that contradict sworn depositions. *See, e.g., Reid v. Sears, Roebuck and Co.*, 790 F.2d 453, 459 (6th Cir. 1986) ("A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony."); *Boykin v. Fam. Dollar Stores of Michigan, LLC*, 3 F.4th 832, 842 (6th Cir. 2021) (same). Therefore, the Court shall address the appropriateness of the submitted affidavits, declarations, and exhibits when ruling upon the motions for summary judgment.[3] Hence, Plaintiff's motion to strike (R. 44) is hereby DENIED. Defendants' motion to strike (R. 51) is similarly denied.

In addition, Defendants filed a motion seeking to file a corrected opposition brief to the motion to strike. (R. 48). That motion is hereby GRANTED.

IT IS SO ORDERED.

Dated:  June 16, 2023                           s/ *David A. Ruiz*
                                                 DAVID A. RUIZ
                                                 U.S. DISTRICT JUDGE

---

[3] The Court notes that such objections are more appropriately raised in briefs supporting or opposing dispositive motions. Nonetheless, the Court shall consider the issues raised herein, and no further briefing on the issue is required.

3